## S04F0141. HUBBARD v. HUBBARD.

(594 SE2d 653)

FLETCHER, Chief Justice.

As a result of a divorce trial in May 2002, Randy Hubbard was granted custody of the two children and ordered to pay Wife $1,000 per month in alimony. Danette Hubbard was not ordered to pay any child support except for the children's healthcare insurance premium, totaling $60 per month. Husband appeals, claiming that the trial court prejudiced the jury against him by expressing its high opinion of one of Wife's witnesses, who had testified about Wife's allegations of physical abuse by Husband. Because the trial court improperly bolstered the credibility of Wife's witness, we reverse and remand for a new trial.

During the trial, Wife presented the testimony of Linda Wells, a domestic violence counselor. Wells testified that Wife had come to her alleging physical abuse and seeking a restraining order against Hus-

band. Following Husband's cross-examination of Wells, during which he challenged her credibility, the trial judge made the following comment:

> Before she leaves, let me clear the air on one thing. This has nothing, nothing, nothing to do with this case, what I'm about to say. But [husband's counsel] knows and [wife's counsel] knows because they've practiced over here long enough that Ms. Wells, when she started the Council and the Center for Domestic Violence, it was a model for the rest of the state. I'm not suggesting that what anyone tells her is true or false, but I don't want to see her up here and be treated like she has done something wrong when she has provided such an unbelievable service for this community. It's a model for other programs in the state of Georgia. And not only that, as you know, she wears a hat as a county commissioner and she does an excellent job from that standpoint.

Following the comment, Husband moved unsuccessfully for a mistrial.

1. On appeal, Husband contends that Wells' testimony, and the trial court's favorable comments about her, prejudiced the jury against him and caused them to award alimony to the Wife and no child support to him. Under OCGA § 9-10-7, a new trial must be granted if the trial judge expresses or intimates his opinion as to what has or has not been proved.[1] Here, the court clearly stated its high opinion of Wells and bolstered her credibility as a witness, influencing an issue that is solely for the jury to determine.[2] The statute unambiguously requires that upon any violation, "the decision in the case shall be reversed, and a new trial shall be granted."

2. Husband also claims that the trial court erred in entering final judgment on a defective verdict form and in failing to strike the part of the jury award that gave the children a contingent remainder interest in his business. Because neither of these issues are likely to recur on retrial, they need not be addressed.

---

[1] See also *McMillan v. State*, 253 Ga. 520, 523 (322 SE2d 278) (1984) ("Any personal expression of opinion by the trial court as to what has or has not been proved during the course of a trial is reversible error").

[2] OCGA § 24-9-80 ("The credibility of a witness is a matter to be determined by the jury. . . ."); see also *Georgia Power Co. v. Owen*, 207 Ga. 178, 181 (60 SE2d 436) (1950) ("[I]t is the exclusive province of the jury to determine the credibility of witnesses and pass upon all issues of fact"); *Cole v. State*, 6 Ga. App. 798, 799 (65 SE 839) (1909) ("The trial judge should not in the hearing of the jury make any remark tending to compliment or disparage a witness . . . [as] [t]he credibility and standing of the witness is an issuable fact in every case — a most material fact.").

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MARCH 29, 2004.

*Paul S. Weiner*, for appellant.
*Ferguson, Ferguson & Morris, Monroe Ferguson*, for appellee.