S07A0671. JOHN v. THE STATE.
(653 SE2d 435)

HUNSTEIN, Presiding Justice.

Appellant Jermaine John was convicted of malice murder, felony murder, kidnapping with bodily injury, false imprisonment, and two counts of aggravated assault in connection with the shooting death of Kishione Barrington.[1] Finding no error, we affirm.

1. The evidence authorized the jury to find that appellant and Craig Massey arranged to buy two pounds of marijuana from the victim, with Massey contributing $1,600 and appellant contributing $400. After the victim claimed to have been robbed of the money before procuring the drugs, he agreed to meet Massey at a gas station, where Michael Brown and appellant were also present. When the victim arrived, Massey, Brown and appellant got into the victim's car.

---

[1] The crimes occurred on September 8, 2002 and the Fulton County grand jury's indictment was handed down on November 5, 2002. Appellant was indicted with Craig Massey and Michael Brown on charges of malice murder, kidnapping with bodily injury, felony murder with aggravated assault by shooting as the underlying felony, and aggravated assault by shooting; he was indicted with Massey, Brown, and Oscar Bullard on charges of false imprisonment and aggravated assault by striking. After jury selection in the joint trial, Bullard pled guilty to false imprisonment. Following two days of testimony, Massey pled guilty to malice murder; Brown entered a plea of guilty to voluntary manslaughter pursuant to *North Carolina v. Alford,* 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), and pled guilty to concealing the death of another. The jury found appellant guilty on all counts. On April 30, 2004, he was sentenced to life in prison on the merged malice murder, felony murder, and aggravated assault by shooting convictions, along with a ten-year concurrent sentence on the false imprisonment conviction; a consecutive life sentence on the kidnapping with bodily injury conviction and consecutive ten-year sentence on the aggravated assault by striking conviction were modified on June 30, 2004 to run concurrent with the malice murder sentence. Appellant filed a motion for new trial on May 21, 2004, which was denied on September 14, 2006; his notice of appeal was timely filed. The appeal was docketed in this Court on January 19, 2007, and oral argument was heard on April 2, 2007.

Massey pulled out a gun and pointed it at the victim, who then drove the other three men around Atlanta and began making phone calls in an attempt to obtain the money to repay Massey and appellant. Eventually, Brown took over the driving; Massey put a bag over the victim's head and the men went to Oscar Bullard's apartment. The men remained in the apartment for two or three hours, making phone calls and threatening the victim, who was seated with the bag over his head and pistol-whipped. Appellant left the apartment at one point to visit a friend, but returned not long thereafter. Finally, the four men left Bullard's apartment; Massey took the victim out into the woods nearby and fatally shot him in the head and chest. Appellant and Brown moved the victim's car from the apartment complex to a parking lot near the gas station where they had met him earlier that evening.

Viewed in the light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt as a party to the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-2-20; *Jones v. State*, 242 Ga. 893 (1) (252 SE2d 394) (1979) (criminal intent may be inferred from presence, companionship, and conduct before and after offense).

2. Appellant acknowledges the well-settled law in Georgia that the State is not required to specify in the indictment that it is charging the defendant as a party to the crime. *Glenn v. State*, 278 Ga. 291, 294, n. 4 (602 SE2d 577) (2004); *Trumpler v. State*, 261 Ga. App. 499 (3) (583 SE2d 184) (2003). Nevertheless, he argues that the trial court erred by proceeding on an indictment that did not allege that he was a party to the crimes charged, citing *Apprendi v. New Jersey*, 530 U. S. 466 (120 SC 2348, 147 LE2d 435) (2000). There, the United States Supreme Court noted that " 'any fact (other than a prior conviction) *that increases the maximum penalty for a crime* must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.' [Cit.]" (Emphasis supplied.) Id. at 476 (II). As an allegation that the defendant was a party to the crime would not increase the maximum penalty for that crime, appellant's reliance on *Apprendi* is misplaced.

3. On cross-examination of Oscar Bullard, counsel for Massey attempted to impeach the witness by introducing both Bullard's guilty plea form in this case, which indicated that he was subject to first offender treatment, and a certified copy of Bullard's prior conviction in Rhode Island. When the issue of the first offender designation on the plea form was raised, the trial court interrupted, stating:

> Let me tell you why [Bullard] is confused. . . . First offender may be on there, but he never asked for it. So the point I'm making is he never asked for it, and the Court never explained to him the advantages and disadvantages of the first offender.

After Massey's counsel concluded his cross-examination, the trial court addressed the jury:

> I think it is important for the jury to know. About a year ago, I adopted a practice of having defense counsel and their client to fill out a plea of guilty form with all the questions on it. And [Bullard's] lawyer just said to me that he is the one, the lawyer, who wrote in guilty and first offender, for whatever it's worth; because I know of many instances where many of these defendants cannot read or write, and they need assistance in filling out these forms. I don't think that applies to [Bullard], because he said that he went to the University of Massachusetts for two years, but his lawyer said he, in fact, filled out that particular question. So I just want to make that disclosure for your consideration as we go forward.

Appellant claims that the trial court erred by denying his motion for mistrial based on the trial court's expression of opinion in violation of OCGA § 17-8-57 and the resultant bolstering of Bullard's testimony.

> Questions of credibility are for the jury to decide (OCGA § 24-9-80), and OCGA § 17-8-57 prohibits judges in criminal cases from expressing or intimating their opinion on what has or has not been proven, and mandates reversal for any violation of the Code section. The trial judge's comments were limited in their scope and did not in fact [bolster] the witness' credibility in general or his credibility with regard to any fact at issue in the trial or with regard to the guilt or innocence of appellant.

*Nance v. State*, 204 Ga. App. 653, 654 (420 SE2d 348) (1992). See also *Adams v. State*, 282 Ga. App. 819 (4) (640 SE2d 329) (2006) (no OCGA § 17-8-57 violation where trial court's comments were attempts to control conduct of trial, to guide attorney and to ensure fair trial and orderly administration of justice); compare *Hubbard v. Hubbard*, 277 Ga. 729 (1) (594 SE2d 653) (2004) (reversal required where trial court praised witness as pillar of community).

The judicial comments at issue here were limited in scope to a clarification of the procedure utilized by the trial court in accepting a guilty plea. Because they did not address Bullard's credibility in general or any fact at issue in appellant's trial, they do not constitute a basis for reversal.

4. Appellant contends that the trial court erred by permitting Brown to testify after being warned by Brown's counsel ex parte of the possibility that his client might lie on the stand. OCGA § 17-1-4 mandates the setting aside of a judgment entered as a result of perjury when the judgment could not have been obtained without the perjured evidence and the perjurer has been duly convicted thereof. As there is no evidence in the record that any perjury actually occurred or that Brown was ever charged with or convicted of perjury, this argument has no merit.

5. Because appellant's felony murder conviction merged with his conviction for malice murder, his complaint about the jury instruction on felony murder is moot. *Braley v. State*, 276 Ga. 47 (32) (572 SE2d 583) (2002).

6. Appellant argues that the trial court erred by sentencing him on both kidnapping with bodily injury, i.e., head injuries, and false imprisonment, alleging that the latter merged into the former as a matter of fact.

> The key question in determining whether offenses have merged is whether the different offenses are proven with the same set of facts. "For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge."

(Citations omitted.) *Jones v. State*, 279 Ga. 854, 857 (3) (622 SE2d 1) (2005).

Kidnapping is defined as the abducting or stealing away of any person without lawful authority and holding such person against his will. OCGA § 16-5-40 (a). False imprisonment occurs when one person detains another in violation of that person's personal liberty and without legal authority. OCGA § 16-5-41 (a). Under the facts set forth in Division 1, supra, the crime of false imprisonment was complete before the victim was forced into the woods and shot in the head. Thus, the two crimes did not merge as a matter of fact.

7. Appellant maintains that he received ineffective assistance of counsel at trial because trial counsel: (a) failed to object to the jury charge on felony murder; (b) accompanied appellant to make an unrecorded statement to an assistant district attorney in the context of plea negotiations; and (c) failed to object when the State vouched

for the credibility of a witness during closing argument. To succeed on a claim of ineffective assistance of counsel, appellant must show both that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

(a) In light of our holding in Division 5, supra, appellant cannot show that he was prejudiced by counsel's failure to object to the felony murder jury charge.

(b) Because no evidence of appellant's alleged statement to the assistant district attorney was introduced at trial, appellant has failed to show that he was prejudiced by the making of such statement.

(c) During closing, the State argued "You can look at Hazel Massey's testimony and give her credibility. She is believable; she is telling you the truth." After further comments about this witness, counsel for appellant asked to approach and a bench conference was held off the record; thus, the record does not establish whether counsel did, in fact, object to these statements. Because appellant failed to question trial counsel about this issue at the hearing on his motion for new trial, any decision not to object is presumed to be a strategic one that does not amount to ineffective assistance. *Ballard v. State*, 281 Ga. 232, 234 (2) (637 SE2d 401) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 9, 2007 —
RECONSIDERATION DENIED DECEMBER 14, 2007.

*L. David Wolfe, Kathryn A. Westberry, L. Elizabeth Lane*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Anne G. Cross, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.