S09A0521. PASLAY v. THE STATE.

(680 SE2d 853)

HUNSTEIN, Presiding Justice.

Appellant Todd Russell Paslay was convicted of malice murder, felony murder, two counts of cruelty to children in the third degree, and possession of a firearm during the commission of a crime in connection with the shooting death of his wife, Elizabeth Paslay. He appeals from the denial of his motion for new trial[1] and, finding no error, we affirm.

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[1] The crimes occurred on August 20, 2004. Paslay was indicted in Richmond County on November 2, 2004 and charged with malice murder, felony murder based on aggravated assault, two counts of misdemeanor cruelty to children in the third degree, and possession of a firearm during the commission of a crime. Following a jury trial held May 8-10, 2006, Paslay was found guilty on all counts. On May 26, 2006, the trial court sentenced Paslay to life imprisonment for malice murder, with a concurrent 12-month term for each cruelty to children conviction and a consecutive five-year term for firearm possession; the felony murder conviction was vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Paslay's motion for new trial was filed on June 15, 2006, amended on August 20, 2008, and denied on November 5, 2008; his notice of appeal was timely filed. The appeal was docketed in this Court on December 18, 2008 and submitted for decision on the briefs.

1. The evidence authorized the jury to find that Paslay and the victim had marital difficulties stemming primarily from ongoing custody and child support disputes with Paslay's ex-wife. On the evening of the crimes, the telephone rang once at the out-of-state home of Harold Brooks, the victim's father, and the call was identified as originating from the victim's cell phone. Brooks had his son return the call twice; the line engaged each time, but all that could be heard were noises, including gasping, gurgling and children screaming during the second call, before the line was disconnected. Brooks called the Richmond County Sheriff's Department, and units were dispatched to the Paslay residence. There, officers found the victim lying on the kitchen floor with a cell phone in her hand, dead from a single gunshot wound to the head. Paslay's father arrived at the residence and informed officers that Paslay and his two children were at the father's house in Burke County. Paslay was taken into custody there, and a handgun retrieved on the premises was later determined to have fired the bullet that killed the victim. At trial, recordings of Paslay's two interviews with law enforcement were played for the jury. Paslay testified that he and the victim were arguing inside the home over his ex-wife's failure to pick the children up for visitation; that the argument became physical; that he took the children, his wallet and his gun out to his truck; that he returned to the house; and that he did not know what happened after that.

Viewed in the light most favorable to the verdict, we conclude that the evidence was sufficient for a rational trier of fact to find Paslay guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Paslay contends that the trial court erred by excluding the testimony of one expert witness and one lay witness regarding his abuse by the victim.[2] At trial, defense counsel made clear that there was no issue regarding Paslay's competence to stand trial and that Paslay was not raising an insanity or mental illness defense.[3] The stated purpose of the testimony was to put the remainder of the evidence in perspective by showing that Paslay was undergoing emotional and physical turmoil at the time of the crimes. On appeal, Paslay argues that he was not claiming to have acted in self-defense.[4]

---

[2] Paslay sought to introduce the testimony of (1) Dr. Marti Loring, a licensed clinical social worker who assessed Paslay and found that he experienced battered person syndrome prior to and during his relationship with the victim; and (2) Beth Ann Smith, the attorney who represented Paslay during his divorce and subsequent contempt action against his ex-wife.

[3] See *Paul v. State*, 274 Ga. 601 (2) (555 SE2d 716) (2001) (expert evidence of mental impairment inadmissible in light of defendant's refusal to assert mental illness or insanity defense).

[4] See *Smith v. State*, 268 Ga. 196, 199 (486 SE2d 819) (1997) (battered person syndrome is not separate defense, but component of justifiable homicide by self-defense).

Rather, he was attempting to mitigate the element of intent, i.e., he was pursuing a verdict of voluntary manslaughter.[5]

> [W]ith regard to voluntary manslaughter, "the question is whether the defendant acted out of passion resulting from provocation sufficient to excite such passion in a reasonable person. It is of no moment whether the provocation was sufficient to excite the deadly passion in the particular defendant."

(Footnote omitted.) *Beck v. State*, 272 Ga. 863, 865 (2) (535 SE2d 756) (2000). Accordingly, we conclude that the trial court did not err by excluding the testimony in question.

3. Paslay also claims that the trial court violated OCGA § 17-8-57 by expressing or intimating an opinion as to what had been proven or as to his guilt.

The State objected several times on relevance and hearsay grounds to defense counsel's questioning of attorney Smith, see note 2, supra, regarding Paslay's divorce. Ultimately, the trial court interrupted defense counsel, making the following comments prior to dismissing the jury:

> What's the purpose of all this, [defense counsel]? This doesn't have anything to do with this case does it? . . . Well, how? I mean all this is very interesting about he had problems with his former wife and they had a divorce and they had children and . . . she didn't pay support. But we're talking about a murder case here involving another person.

The rule set forth in OCGA § 17-8-57 "'"does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence. (Cits.)" (Cit.)' [Cit.]" *Rowe v. State*, 266 Ga. 136, 139 (2) (464 SE2d 811) (1996), overruled on other grounds by *Paul v. State*, 272 Ga. 845 (3) (537 SE2d 58) (2000). See also *Creed v. State*, 255 Ga. App. 425 (1) (565 SE2d 480) (2002) (no OCGA § 17-8-57 violation where trial court inquired as to direction defense counsel was going with particular line of questioning and encouraged counsel to move forward). Because the trial court's comments concerned the relevance of the testimony at issue and did not constitute an opinion as to what had been proven or whether Paslay was guilty, we find no error.

*Judgment affirmed. All the Justices concur.*

---

[5] The trial court did charge the jury on the crime of voluntary manslaughter.

DECIDED JUNE 29, 2009.

Peter D. Johnson, for appellant.

Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary K. Ware, Assistant Attorney General, for appellee.

