## S11A1358. MURPHY v. THE STATE.

### (722 SE2d 51)

HUNSTEIN, Chief Justice.

Appellant Timothy Murphy was convicted of malice murder, felony murder, and cruelty to children arising out the death of 15-month-old Tytanna Jackson on September 19, 1998.[1] Murphy appeals the denial of his motion for new trial alleging that the trial court committed plain error by making a number of improper statements during the course of the trial and by failing to sever his trial from that of his co-defendant. Because the trial court's favorable comments regarding one of the State's witnesses could have been construed by the jury as bolstering that witness' testimony, we must reverse and remand for a new trial.[2]

Viewed in the light most favorable to the verdict, the jury was entitled to find that in the early morning hours of September 19, 1998, emergency medical personnel were dispatched to the home of Carmen Jackson, where Timothy Murphy lived with Jackson and her two children. When responders arrived, they found Jackson's 15-month-old daughter, Tytanna, not breathing and without a pulse. She was cold to the touch and had fixed and dilated pupils. Though emergency responders and emergency room doctors tried to revive the child, she was pronounced dead shortly after arriving at the hospital.

Murphy and his co-defendant, Jackson, testified that Murphy had been babysitting Tytanna that day while Jackson was at work. When Jackson arrived home around 8:30 p.m., she checked on Tytanna, who was sleeping and seemed to be fine. Around midnight, Murphy heard the child whining and found her limp and struggling to breathe. The pair testified that Murphy instructed Jackson to call 911 while he administered CPR.

---

[1] The crimes occurred on September 18, 1998. Murphy was indicted in Muscogee County on charges of malice murder, two counts of felony murder, aggravated sexual battery, and cruelty to children. The counts related to aggravated sexual battery were dead docketed. He was found guilty of malice murder, felony murder, and cruelty to children and he was sentenced on April 12, 2000 to life imprisonment for malice murder and a consecutive 20-year sentence for cruelty to children. He filed an out-of-time motion for new trial on June 27, 2005. The trial court denied the motion on September 7, 2010 and Murphy appealed. This Court dismissed his appeal on November 1, 2010, ruling that the motion for new trial was untimely. Murphy again filed an out-of-time motion for new trial. The request was granted on December 23, 2010, but the motion was denied on April 14, 2011. Murphy filed his notice of appeal on April 21, 2011. The appeal was docketed for the September term in this Court.

[2] We note that blame for the inordinate delay in the litigation of the motion for new trial in this case appears to be shared among the trial court, defendant, defense counsel, and the State. As a result of the delay, the parties are now faced with the difficult task of reconstructing evidence more than 13 years after the crimes were committed. Not only is it difficult to locate witnesses many years after the fact and for those witnesses to remember important details, but in some cases, substantive law may even change during the period of delay.

Expert testimony at trial established that the child had been beaten so severely that her pancreas and duodenum were ruptured and that the contents of her intestines leaked into her abdomen. The child died of toxic shock two to four hours after those injuries were inflicted. Medical examiners also noted multiple contusions on Tytanna's face, scalp, back, abdomen, and leg. She also had two broken ribs and penetration wounds to her vagina and anus.

Both Murphy and Jackson testified that no one else had been alone with the child during the week leading up to her death.

1. We find this evidence sufficient to enable a rational trier of fact to find Murphy guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Murphy alleges that two of the trial court's remarks during the testimony of police officer Andrew Tyner improperly conveyed an opinion regarding the credibility of that witness. Specifically, during the officer's testimony regarding the contents of Murphy's state-ment to police, the trial court stated in response to an objection, "You're asking this Detective, who is a good detective, what is in someone, somebody else's head." Further, the trial court stated, "[T]his man has worked a lot of cases and he's got a recollection and he's got a written memorandum and hopefully between the two of those and his good efforts we're going to find the truth of the matter."

OCGA § 17-8-57 provides:

> It is error for any judge in any criminal case . . . to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

The purpose of OCGA § 17-8-57, at least in part, is to prevent the jury from being influenced by any disclosure of the trial court's opinion regarding the credibility of a witness. *Callaham v. State*, 305 Ga. App. 626 (1) (700 SE2d 624) (2010). The determination of the credibility of a witness is soundly within the province of the jury and is a material fact in every case. Id. See also *Hubbard v. Hubbard*, 277 Ga. 729, 730 (1) (594 SE2d 653) (2004) (reversing after trial court stated his favorable opinion of the witness, bolstering her credibility and thereby "influencing an issue that is solely for the jury to determine").

We recognize that " '[j]urors, like other human beings, are unconsciously too much affected by strong mental impressions for these impressions to be nicely segregated from the mass of evidence.' " *Chumley v. State*, 282 Ga. 855, 858 (2) (655 SE2d 813) (2008) (citation omitted). The jury could have interpreted the trial court's calling Tyner a "good detective" as expressing a favorable opinion on his abilities and thus bolstering that witness's credibility. Further, the jury may have construed the trial court's comments regarding the officer's use of the written document and his "best efforts" as an expression of the court's opinion that Tyner's recollection of the defendant's statement was reliable or credible. It is impossible to say that, after hearing the trial court's statements, the jurors were not influenced to some extent. See *Chumley*, 282 Ga. at 857-858. Therefore, the trial court erred in making statements that could have been interpreted as offering an opinion on Tyner's credibility.

It is of no consequence that counsel failed to contemporaneously object. A violation of OCGA § 17-8-57 is always "plain error" and failure to object will not preclude appellate review. *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010).

Given the mandatory nature of OCGA § 17-8-57 and the case law interpreting it, we must reverse Murphy's conviction and remand the case to the trial court for a new trial. *Chumley*, 282 Ga. at 858.

3. We find no merit in Murphy's argument that the trial court should have severed his trial from that of his co-defendant. A defendant who seeks a severance of his trial from his co-defendant must show clearly that he was prejudiced by a joint trial. In the absence of such a showing, this Court will not disturb the trial court's denial of a severance motion. *Denny v. State*, 281 Ga. 114 (1) (636 SE2d 500) (2006). Murphy did not make a clear showing that he was prejudiced by the joint trial; therefore, the trial court did not abuse its discretion in denying Murphy's motion for severance.

4. Given our decision to reverse, Murphy's contention that the trial court erred by making remarks related to whether the facts presumed in a hypothetical question posed to an expert were based on evidence adduced at trial are moot and unlikely to recur on retrial.

*Judgment reversed. All the Justices concur, except Nahmias, J., who concurs specially.*

NAHMIAS, Justice, concurring specially.

I concur in the judgment and in the majority opinion except for Division 3. In my view, the majority should not address the severance issue on the merits, because that issue is just as moot as the one

deemed moot in Division 4, and it is even less likely to recur on retrial, since there is no chance that Murphy's co-defendant, whose conviction was affirmed in 2007, will be tried with him again. See *Jackson v. State*, 281 Ga. 705 (642 SE2d 656) (2007).

DECIDED FEBRUARY 6, 2012.

*William J. Mason*, for appellant.

*Julia Fessenden Slater, District Attorney, David R. Helmick, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.