## S12A1671. SMITH v. THE STATE.
### (740 SE2d 129)

HINES, Justice.

Anthony Terrell Smith appeals his convictions and sentences for malice murder, aggravated assault, and possession of a weapon at a public gathering, which were in connection with the shooting death of Romondez Lashan Lester. For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that Lester had an argument inside a nightclub, and during the evening, a physical altercation also occurred. The club closed, and the patrons left through the front door; as they did so, a brawl ensued outside.

Stephens, a friend of Smith's, was outside the club; he had a .22 caliber revolver. Several people were fighting, and Smith was fighting with Lester; Smith took Stephens's revolver. The fight continued, and Lester struck Smith and taunted him. Smith pointed the revolver at Lester who continued to taunt him. Smith pulled the trigger of the revolver multiple times; it failed to fire at least twice, and fired twice.

---

[1] The crimes occurred on June 4, 2000. On July 25, 2000, a Sumter County grand jury indicted Smith and Elliot Stephens for malice murder, felony murder while in the commission of aggravated assault, aggravated assault, and possession of a weapon at a public gathering; Stephens was also indicted for possession of a firearm by a convicted felon. Smith was tried alone before a jury September 18-20, 2001, and found guilty of all charges. On September 25, 2001, he was sentenced to life in prison for malice murder, and a concurrent term of twelve months in prison for possession of a weapon at a public gathering; the remaining counts merged with the malice murder or were vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-372 (4), (5) (434 SE2d 479) (1993). Smith moved for a new trial on October 17, 2001, and amended the motion on June 22, 2010; the trial court entered an order denying the motion for new trial, as amended, on October 18, 2010. On November 15, 2010, Smith filed a notice of appeal, and on April 19, 2011, filed a motion for an out-of-time appeal. The trial court entered an order granting an out-of-time appeal on April 26, 2011. That same day, Smith filed a notice of appeal; the appeal was docketed in this Court for the September 2012 term, and submitted for decision on the briefs.

Lester was fatally struck in the chest. Smith, Stephens, and some other people ran from the scene, and Smith gave the revolver to Johnny Laney, who removed the cylinder, hiding it and the remainder of the revolver in separate places.

1. The evidence authorized the jury to find Smith guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During direct examination of a crime scene investigator, Special Agent Davis of the Georgia Bureau of Investigation, the State asked numerous questions regarding the parking area outside the club. The trial court asked the State, "are you going to tie in how this is relevant to the issues in this case pretty soon?" The State answered that it was "just trying to project to the jury the general size and location of the properties." The court responded:

> Okay. Because my experience is that Special Agent Davis is a very thorough investigator, and I don't think that everything he found that day is relevant to the issues of this case, and I don't want to have to require him to testify about everything he learned. I'd like for you just to kind of narrow it to those things that he learned that really bear on the issues in this case.

The State answered, "I will, your honor," and proceeded to ask Davis about items found at the crime scene. Smith contends that the court's statement that "Special Agent Davis is a very thorough investigator" constituted an opinion on the veracity of a witness, and thus an expression as to what might be proved by the evidence, in violation of OCGA § 17-8-57.[2]

"The rule set forth in OCGA § 17-8-57 does not generally extend to colloquies between the judge and counsel regarding the admissibility of evidence." *Paslay v. State*, 285 Ga. 616, 618 (3) (680 SE2d 853) (2009) (Citations and punctuation omitted.) The fact that the trial court makes a brief personal remark to or about a witness does not necessarily improperly comment upon the credibility of the witness. *O'Hara v. State*, 241 Ga. App. 855, 859 (3) (528 SE2d 296) (2000). Unquestionably, the trial court is authorized to control the conduct of

---

[2] OCGA § 17-8-57 reads:
    It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

the trial and to guide counsel to ensure a fair trial and the orderly administration of justice. *Adams v. State*, 282 Ga. App. 819, 824 (4) (640 SE2d 329) (2006). "While a court may not express an opinion as to what has or has not been proven, OCGA § 17-8-57, remarks made by the court regarding the admissibility of evidence or explaining the court's rulings are not such a comment or opinion. [Cits.]" (Citations and punctuation omitted.) *Mitchell v. State*, 275 Ga. 42, 44 (4) (561 SE2d 803) (2002).

That is what occurred here. The trial court "exercised its judgment and discretion by stopping the testimony and explaining his ruling to [prosecuting] counsel. [Cit.]" *Ridley v. State*, 290 Ga. 798, 800 (2) (725 SE2d 223) (2012). The reference to the witness being "a very thorough investigator" was solely in the context of explaining the court's concern for the orderly and efficient presentation of testimony, and to ensure that the State would not "require him to testify about everything he learned" during the investigation. The court's comment was "limited in scope, did not involve [Smith's] guilt or innocence, and did not express an opinion on what had or had not been proved. [Cit.]" (Punctuation omitted.) *Adams v. State*, 312 Ga. App. 570, 574 (1) (b) (718 SE2d 899) (2011). See also *John v. State*, 282 Ga. 792, 793-795 (3) (653 SE2d 435) (2007) (The trial court's explanation as to why the witness was confused when questioned about first offender treatment in light of the court's first offender procedures was not bolstering the witness.). Thus, OCGA § 17-8-57 was not violated. Compare *Murphy v. State*, 290 Ga. 459, 460 (2) (722 SE2d 51) (2012) (Comments implicating witness credibility went beyond explaining a ruling.).

3. The trial court instructed the jury on resolution of conflicts in testimony, tracking the Georgia pattern jury instructions. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.31.20 (4th ed. 2007).

> The trial court did not err in charging the jury that it should attempt to reconcile conflicting testimony without ascribing false statements to any witness, but that, if it cannot do that, it must determine which witnesses are best entitled to be believed and which are not. [Cit.] The charge was not a "presumption of truthfulness" charge. [Cit.]

*Guyton v. State*, 281 Ga. 789, 791 (2) (642 SE2d 67) (2007). The jury instruction did not require that the jury believe the testimony of any witness, whether impeached or unimpeached, id., and, contrary to Smith's contention, did not shift the burden of proof to him as a consequence of the fact that he presented no evidence.

4. Smith contends that his trial counsel failed to provide effective representation. In order to prevail on this claim, Smith must show both that counsel's performance was deficient, and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To meet the first prong of the required test, the defendant must overcome the "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct," and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the particular circumstances of the case. Id. at 784. To meet the second prong of the test, the defendant must show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. Id. at 783. " 'We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Smith contends that his trial counsel had a conflict of interest because he represented another defendant on charges arising from the same events. See *Ellis v. State*, 272 Ga. 763, 765-766 (2) (534 SE2d 414) (2000). Smith states in his brief to this Court that, prior to Smith's trial, trial counsel also represented Anthony Jackson in this same prosecution, including filing a motion on his behalf, and that Jackson was a prominent witness against Smith at trial. However, Smith fails to show any evidence that, in fact, trial counsel ever represented the witness,[3] and thus fails to show that counsel ever had an actual conflict. See id. Further, although Smith states in his brief that counsel did not cross-examine Jackson, this is belied by the trial transcript.

(b) Smith also contends that counsel was ineffective for insufficiently cross-examining State's witness Stephens, who had been indicted with Smith, specifically asserting that counsel should have questioned Stephens about the deal he gained and the sentence he thereby avoided. However, on cross-examination, counsel did elicit from Stephens testimony that he was charged with Lester's murder, but that after Stephens gave a statement, "those charges were

---

[3] During the hearing on the motion for new trial, trial counsel testified that he had no recollection of representing anyone named Anthony Jackson in any matter associated with the killing of Lester. Counsel also testified that, in the event that he found himself appointed to represent co-defendants, he would have raised the matter of a potential conflict with the trial court.

dropped." In any event, Smith fails to establish any prejudice as to counsel's cross-examination of Stephens; he presents no evidence of what testimony Stephens would have given had trial counsel questioned Stephens further in the manner Smith now contends should have been done. See *Jimmerson v. State*, 289 Ga. 364, 369 (2) (f) (711 SE2d 660) (2011); *Lawrence v. State*, 286 Ga. 533, 534 (2) (690 SE2d 801) (2010); *Wigfall v. State*, 274 Ga. 672, 674 (2) (558 SE2d 389) (2002).

(c) Smith also contends that counsel was ineffective for failing to object when the trial court said that "Special Agent Davis is a very thorough investigator." However, as noted above, see Division 2, supra, the trial court's comment did not violate OCGA § 17-8-57.

5. Finally, Smith argues that the delay between his September 2001 trial and the April 2011 order which denied his motion for new trial violated his rights to due process.

> This Court has addressed the proper resolution of claims asserting due process violations based on inordinate appellate delay, and determined that the appropriate analysis is application of the four speedy trial factors set forth in *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), which are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Chatman v. Mancill*, 280 Ga. 253, 256 (2) (a) (626 SE2d 102) (2006).

*Browning v. State*, 283 Ga. 528, 531 (2) (b) (661 SE2d 552) (2008). Although the over-nine-year delay is lengthy, Smith advances, at most, cursory arguments regarding the four factors. To the extent that he states a reason for the delay, he intimates that it was the fault of various appellate counsel, but he has produced no evidence of this. See *Payne v. State*, 289 Ga. 691, 693-694 (2) (b) (715 SE2d 104) (2011). Smith does not argue that he asserted his right to a timely appeal, although the record reveals a letter dated February 28, 2008 sent to the clerk of the trial court inquiring about the status of his appeal.[4] But, in particular, Smith fails to establish any prejudice arising from the delay.

> The prejudice necessary to establish a due process violation based on post-conviction direct appeal delay is prejudice to

---

[4] The clerk responded on March 5, 2008, informing him of the pending motion for new trial filed on October 17, 2001, and suggesting that he contact the attorney who filed it. The clerk sent a copy of the letter to the Office of the Circuit Public Defender.

the ability of the defendant to assert his arguments on appeal and, should it be established that the appeal was prejudiced, whether the delay prejudiced the defendant's defenses in the event of retrial or resentencing. Appellate delay is prejudicial when there is a reasonable probability that, but for the delay, the result of the appeal would have been different.

*Whitaker v. State*, 291 Ga. 139, 143 (3) (728 SE2d 209) (2012) (citations and punctuation omitted).

Although Smith states that appellate counsel had to "reconstruct the case," appellate counsel will always have to familiarize himself with the case when he is not the same attorney who represented the defendant at trial. The only particularized assertion of prejudice that Smith makes is that "[d]ue to the passage of time . . . [trial counsel] did not recall whether he represented [witness] Jackson." But, as noted above, Smith has failed to produce *any* evidence that trial counsel actually represented Jackson. Without such evidence, a negative response to Smith's query whether counsel recalled representing witness Jackson is hardly surprising and is insufficient to meet Smith's burden. Accordingly, it was not error for the trial court to deny Smith's motion for new trial on the ground of inordinate appellate delay. *Pineda v. State*, 288 Ga. 612, 615 (3) (706 SE2d 407) (2011).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 18, 2013.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Robert H. Reeves*, District Attorney, *Daniel P. Bibler, Justin R. Arnold*, Assistant District Attorneys, *Samuel S. Olens*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *David A. Bikoff*, Assistant Attorney General, for appellee.