MELTON, Justice,
dissenting.
Because I cannot agree that the trial court’s comments in this case did not improperly bolster the eyewitness’s testimony in this *272 case, I must respectfully dissent. In its attempt to explain to the jury that the witness was not feeling well, the trial court took a step too far when it stated, “I want you to know that the [witness’s] stress is not really related to this case.” It is axiomatic that a jury, as the arbiter of credibility, is entitled to consider the demeanor of a witness in determining the truthfulness of his or her testimony. “Factors such as demeanor, contradictory or inconsistent statements and evidence that a witness had ulterior motives can all lead a trier of fact to disregard testimony.” (Citation and punctuation omitted.) White v. State, 287 Ga. 713, 716 (1) (b) (699 SE2d 291) (2010). While it is clear that the witness’s medical condition likely contributed to her distress on the stand, it could be equally likely that the course of examination added to her level of distress. Here, the trial court removed the jury’s ability to measure the truthfulness of this testimony by instructing them that the witness’s demeanor was not related to the case, only her illness. This usurpation of the jury’s fact-finding function was, therefore, a violation of OCGA § 17-8-57. See, e.g., Murphy v. State, 290 Ga. 459 (722 SE2d 51) (2012). It is important to note that this problem could have been avoided if the trial court had simply allowed the lawyers to question the witness about her medical condition on their own.
Decided June 1, 2015.
Lynn M. Kleinrock, for appellant.
Daniel J. Porter, District Attorney, Christopher M. Quinn, Lisa A. Jones, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Meghan H. Hill, Assistant Attorney General, for appellee.