**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 27, 2015**

# In the Court of Appeals of Georgia

A15A1031. HUFF v. THE STATE.

MCMILLIAN, Judge.

Terrence Ramon Huff was convicted by jury of armed robbery and possession of a knife during the commission of a felony and sentenced to 20 years, 15 to serve. He filed a motion for new trial, as twice amended, which the trial court denied following a hearing. He appeals, contending that the trial court violated OCGA § 17-8-57 by impermissibly commenting on the similarity and probative value of other crimes evidence admitted at trial and that his trial counsel was ineffective. As more fully set forth below, we agree the trial court violated OCGA § 17-8-57 and that, accordingly, Huff is entitled to a new trial.

Construed to support the jury's verdict,[1] the evidence shows that around 9:35 p.m. on February 2, 2009, three men with their faces partially concealed entered the Tri-County Gas and Grocery convenience store in Ray City, Georgia. The taller of the three men had a knife, and the other two men were armed with guns. The men demanded money[2] and then went behind the counter where the cash registers were located. Cameras inside the store recorded the robbers' activities, and video clips were played at trial showing the men opening the cash drawers and removing cash,[3] taking several cartons of cigarettes out of a box on the floor, and removing items from underneath the counter. The men then fled, running out the front door and around the side and toward the back of the building.

---

[1] Huff does not challenge the sufficiency of the evidence. Nevertheless, we have reviewed the evidence and find it sufficient to authorize Huff's convictions under the standard of *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

[2] There were three employees in the store at the time of the robbery–the store manager, his wife, and another employee. The store manager and his wife testified at trial, but the other employee no longer worked at the store at the time of trial and was not called to testify. The witnesses testified that they were at a table by the door when the men entered the store and that is where they stayed during the robbery.

[3] There were two cash drawers–one for lottery ticket sales and one for general merchandise sales. The store manager testified that approximately $2000 was taken during the robbery.

Police were dispatched to the store and began searching for the men. Although police found a knife a short distance from the back of the store, the search for the robbers was unsuccessful. One of the store's black merchandise bags was found on the floor behind the counter, and evidence was presented that the bag had not been on the floor prior to the robbery and that the tall robber with the knife dropped it on the floor while he was going through items underneath the counter. The bag was tested for fingerprints and five prints, one which matched Huff's eighth digit, or left middle finger, were revealed on the bag. Both the store manager and his wife testified that they had seen Huff come into the store on several occasions prior to the robbery, although his face was obscured during the robbery and they could not identify him at that time.

The State also presented evidence that several weeks later, on February 26, 2009, Huff was arrested with several other men in connection with an attempted robbery of a Dominos Pizza Store, and he later entered a guilty plea to that charge. Evidence was presented that Huff was taller than the other men involved in the attempted robbery, and video clips of the convenience store robbery clearly show that one of the robbers was taller than the other two.

1. Huff contends that he is entitled to a new trial because the trial court violated OCGA § 17-8-57[4] by commenting on the similarity and probative value of the similar transaction evidence. We agree. The record shows that prior to trial, the trial court conducted a hearing to determine the admissibility of evidence of the Dominos attempted robbery and ruled the evidence admissible to show modus operandi, bent of mind, and identity of the Defendant. Subsequently, when the State called its first similar transaction witness at trial, the trial court, sua sponte, made the following statement to the jury.

> I don't know that I made the precise or complete ruling in Chambers this morning but, for the Jury, we're to the point of the case where the State is offering what is known as Similar Transaction Evidence. I'm going to give you a charge on that in just a minute to help explain to you what's taking place as far as the presentation of the evidence goes. *But on my decision earlier I want to add that the Court found that the*

---

[4] At the time Huff was tried in 2010, that section provided:
It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the [appellate court] to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the [appellate court] may lawfully give.

4

*probative value as to the similarity and/or the connection of the Defense's charge outweighs any prejudice to the Defendant and admitted the Similar Transaction Evidence.*

(Emphasis supplied.) Immediately thereafter, the Court charged the jury on the consideration of the similar transaction evidence:

> Sometimes evidence is admitted for a limited purpose. Such evidence may be considered by the jury for the sole issue or purpose for which the evidence is limited and not for any other purpose. The law provides that evidence of other acts or occurrences of this Defendant that are sufficiently similar or connected and, therefore, purportedly related to the offense or offenses for which the Defendant is on trial may be considered for the limited purpose of showing, if it does, the intent, motive, identity, course of conduct, bent of mind, modus operandi in the crime charged in the case now on trial. Such evidence, if any, may not be considered by you for any other purpose. . . . Before you may consider any other acts or occurrences for the limited purposes stated, you must first determine whether the accused committed the other acts or occurrences, if so, *you must then determine whether the act or occurrence was sufficiently similar and, therefore, purportedly related to the crimes charged in the indictment such that proof of the other acts or occurrences tend to prove the crime charged in the indictment*.

(Emphasis supplied.) Following the limiting instruction, Huff's counsel asked for the jury to be excused and repeatedly moved for a mistrial, arguing that the jury had been

5

tainted by the trial court's comments to the jury on the probative value and similarity of the prior crimes evidence. The trial court denied the motion without explanation, and the trial resumed with the presentation of the similar transaction witnesses.

Generally speaking, remarks made by a trial court in discussing the admissibility of evidence or explaining its rulings do not constitute prohibited expressions of opinion. *Smith v. State*, 292 Ga. 588, 590 (2) (740 SE2d 129) (2013). However, comments by the trial judge on its rulings that include expressions of opinion as to what has been proven, the credibility of a witness, or on a disputed issue of material fact are clearly improper under OCGA § 17-8-57. See *Murphy v. State*, 290 Ga. 459, 460 (2) (722 SE2d 51) (2012); *Chumley v. State*, 282 Ga. 855, 857 (2) (655 SE2d 813) (2008); *Patel v. State*, 282 Ga. 412, 414 (2) (651 SE2d 55) (2007).

Under analogous circumstances, our appellate courts have on several occasions considered whether a trial court violates OCGA § 17-8-57 by making statements to the jury that the defendant's statement was freely and voluntarily given, as determined by the trial court at a hearing outside the presence of the jury, and we find the reasoning in those cases equally applicable here. *Freeman v. State*, 295 Ga. 820, 821-822 (764 SE2d 390) (2014); *Chumley*, 282 Ga. at 857 (2); *Ray v. State*, 181 Ga. App. 42, 44 (3) (351 SE2d 490) (1986). Although the trial court in this case acted

6

properly in making a threshold determination concerning the admissibility of the similar crimes evidence under *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991), the trial court should have refrained from commenting on the similarity and probative value of the other offense. Such statements to the jury, even when coupled with an immediate charge on the jury's responsibility to make the ultimate determination on similarity and probative value, violated OCGA § 17-8-57. Instead, once the trial court determined and ruled outside the presence of the jury that the similar transaction evidence was admissible, it should have simply provided the appropriate limiting instruction about the evidence, without informing the jury of the court's evaluation of the evidence.[5] See *Freeman*, 295 Ga. at 822. Cf. *Williams v. State*, 244 Ga. App. 692, 696 (3) (536 SE2d 572) (2000) (no reversible error where trial court stated, in overruling objection, that there was sufficient corroboration of

---

[5] We do not suggest that the trial court could violate OCGA § 17-8-57 by simply ruling on an objection on the grounds that the evidence is more prejudicial than probative; rather, it is the comment on the similarity of the evidence here that constitutes a violation of OCGA § 17-8-57. As explained above, remarks during colloquies between the judge and counsel on the admissibility of evidence wherein the judge makes "remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." (Citation omitted.) See *Ellis v. State*, 292 Ga. 276, 281-282 (3) (736 SE2d 412) (2013) (judge's statement in ruling on objection that evidence was "admissible as a prior consistent" did not violate OCGA § 17-8-57).

7

the similar transaction evidence because defense counsel should have anticipated when posing objection that trial court might feel compelled to explain its earlier ruling to admit the evidence).

The State argues, however, that the reversal and retrial are not mandated here because Huff admitted that he committed the similar crime. The State is correct that part of Huff's trial strategy was to admit he was involved in the other offense, point out to the jury that he had taken responsibility for that crime by pleading guilty, and argue that if he was guilty of the present charges, he would have taken responsibility by pleading guilty to that crime also. But whether or not Huff admitted to the similar crime is "immaterial, since the error lies in the trial court's informing the jury that it had ruled that [the prior offense was sufficiently similar and therefore probative]." *Chumley*, 282 Ga. at 857 (2). And, in any event, Huff never conceded the similarity of the prior and present offenses; rather, one of his theories of defense was to point out the insufficiencies in the State's proof and argue that the State was using his guilty plea to improperly bolster its weak evidence of the convenience store crime. Thus, under these circumstances, the trial court's statement in this case that the other crime was similar and therefore probative of Huff's guilt on the current robbery charge was particularly damaging to Huff's theory of defense. Moreover, regardless

8

of any showing of harm, "[i]t is well established that the trial court's compliance with the statutory language of OCGA § 17-8-57 is mandatory and that a violation of its mandate requires a new trial."[6] (Citation and punctuation omitted.) *Chumley*, 282 Ga. at 858 (2). Accordingly, we must reverse Huff's conviction and remand the case or a new trial.

2. In light of our holding in Division 1, it is unnecessary for us to address Huff's contention that his trial counsel was ineffective.

*Judgment reversed. Barnes, P. J., and Ray, J., concur*.

---

[6] We note that since Huff was tried, OCGA § 17-8-57 has been amended in several material respects, and we express no opinion as to the continued viability of this statement under the new statute. See Ga. L. 2015, p. 1050, § 1.