## A02A1940. JONES v. THE STATE.
### (573 SE2d 470)

JOHNSON, Presiding Judge.

Anthony Jones was found guilty of possession of a firearm by a convicted felon. He appeals from the judgment of conviction entered on the jury's verdict.

Jones contends he is entitled to a new trial because the trial court erroneously admitted statements he made to police during a custodial interrogation when he had not been given a *Miranda*[1] warning. Because no *Miranda* warning was required at the time the statements were made, this argument is without merit.

Viewed in a light most favorable to the verdict, the evidence shows that a police officer responded to a domestic call at Jones' girlfriend's apartment, where both Jones and his girlfriend resided. When the officer arrived, he asked Jones and his girlfriend what was going on. He asked Jones for identification. Jones showed the officer his Department of Corrections identification card, which indicated that he was on parole.

Jones' girlfriend told the officer that Jones struck her and that she wanted Jones to leave her apartment. Jones admitted that he struck his girlfriend, and the officer noticed a bruise on her leg. The officer requested a criminal check on Jones and waited for it to come back. Based on the evidence of battery, the officer decided to place Jones under arrest. When Jones asked if he could go to the bathroom, the officer told him to turn around so he could pat him down for weapons. As Jones turned around, the officer noticed a handgun protruding from his back pocket. The background check revealed that Jones had warrants outstanding. The entire encounter at the apartment lasted between five and ten minutes.

After the officer placed Jones in the patrol car, Jones made numerous spontaneous statements. He remarked that he was a convicted felon, that he knew he was going back to prison, that he was only planning to scare his girlfriend with the gun, not shoot her, and that the gun was not his. According to the officer, Jones kept "going on and on . . . he kept babbling." The officer did not ask Jones any questions in the patrol car, and had not asked him any questions after asking Jones and his girlfriend what was going on.

---

[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

The Fifth Amendment requires the exclusion of any statement made by an accused during custodial interrogation, unless he has been advised of his rights and has voluntarily waived those rights.[2] Jones' statements to the officer were not subject to suppression because they were not the product of an interrogation or its functional equivalent.[3] Although Jones was certainly in custody while in the patrol car, the remarks he made in the patrol car were spontaneous and not in response to any inquiry by the officer. Moreover, neither the officer's inquiry upon arriving on the scene as to "what was going on" nor his request for identification amounted to a "custodial interrogation" requiring the administration of *Miranda* warnings.[4] Because the protections of *Miranda* were not implicated, the trial court did not err in admitting Jones' statements or in denying his motion for a new trial based on the admission of the statements.[5]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 31, 2002.

*Tapley & Warnock, Charles M. Warnock, Jr.,* for appellant.
*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney,* for appellee.

---

[2] See *Franks v. State*, 268 Ga. 238, 239 (486 SE2d 594) (1997).

[3] See *Metts v. State*, 270 Ga. 481, 483-484 (3) (511 SE2d 508) (1999).

[4] See id.; *Franks*, supra (officers can request basic biographical data without implicating *Miranda* rule); *Hudson v. State*, 171 Ga. App. 181, 182 (1) (319 SE2d 28) (1984) (officer's single threshold inquiry upon arriving on scene was not impermissible interrogation requiring suppression of statement).

[5] See *Garner v. State*, 267 Ga. 884, 885 (3) (485 SE2d 729) (1997); *Miller v. State*, 263 Ga. 723, 724-725 (3) (438 SE2d 81) (1994).