A10A1519. CALLAHAM v. THE STATE.
(700 SE2d 624)

JOHNSON, Judge.

After a jury trial, Anthony Callaham was convicted of aggravated assault and possession of a firearm during the commission of a felony. Callaham appeals, asserting that the trial court violated OCGA § 17-8-57 by expressing its opinion about the credibility of a

---

[2] See *Bryant Intl. v. Crane*, 188 Ga. App. 736 (374 SE2d 228) (1988).
[3] See *Tavakolian v. Agio Corp.*, 304 Ga. App. 660, 666 (6) (697 SE2d 233) (2010).

witness. The assertion is correct, and therefore Callaham is entitled to a new trial.

1. The central issue at trial was the identity of the person who shot the victim, Kenneth Threats. During the state's case-in-chief, Threats and his neighbor identified Callaham as the shooter. For the defense, Callaham elicited testimony from Threats' wife that in statements to the police and at a preliminary hearing she had not identified him as the shooter. Callaham also testified, denying that he was the shooter and identifying another man as the person who shot Threats.

After the state's attorney finished cross-examining Callaham, the trial court asked, "Mr. Callaham, do you know why the neighbor that lives across the street would come in here and say you're the one that shot? He's not related to anybody." Defense counsel objected and moved for a mistrial on the ground that the trial court's question and comment that the neighbor is not related to anyone bolstered the credibility of the witness. The trial court denied the motion, but at the state's suggestion it gave a curative instruction, telling the jurors that they determine the credibility of witnesses and should disregard any implication from the court's question.

OCGA § 17-8-57 provides:

> It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error and the decision in the case reversed, and a new trial granted in the court below with such directions as the Supreme Court or Court of Appeals may lawfully give.

The purpose of this statute, at least in part, "is to prevent the jury from being influenced by any disclosure of the judge's opinion regarding a witness's credibility. [Cit.]"[1] The credibility of a witness is a material fact in every case,[2] and any questions of credibility are for the jury to decide.[3] " 'Therefore, anything which tends to uphold, to support, to disparage, or to lower the character and the resulting credibility of the witness is vitally connected with the facts of the case.' [Cit.]"[4]

---

[1] *Craft v. State*, 274 Ga. App. 410, 411 (1) (618 SE2d 104) (2005).

[2] Id. at 412 (1).

[3] *John v. State*, 282 Ga. 792, 794 (3) (653 SE2d 435) (2007).

[4] *Craft*, supra.

Here, the trial court's question and comment about the neighbor's testimony clearly intimated the court's opinion that the testimony was believable because the neighbor was an independent witness, unrelated to any of the parties involved in the case.

> Any reasonable juror, having heard the trial court's comments, might well construe them as an expression of opinion on the credibility of the [witness]. The members of the jury heard the trial court's words, and no man could dare say that they were not thereby influenced to some extent, at least.[5]

Contrary to the state's argument, the trial court's expression of its opinion as to the credibility of the witness was not "the type of palpable 'slip of the tongue' the appellate courts have excused from the strict mandate of OCGA § 17-8-57. [Cits.]"[6] Moreover, the trial court's purported curative instruction did not eradicate its inappropriate comments. "[T]he law is well-established that instructions given to the jury by the trial court cannot cure a violation of OCGA § 17-8-57. [Cits.]"[7]

Compliance with OCGA § 17-8-57 is mandatory, and a violation of the statute requires a new trial.[8] "In light of the mandatory nature of the statute and the case law interpreting the statute, we must reverse [Callaham's] conviction[s] and remand the case to the trial court for a new trial."[9]

2. Callaham's further claim that the trial court also violated OCGA § 17-8-57 when it questioned Threats' wife is without merit. Callaham did not object to the questions or move for a mistrial. "Consequently, a new trial would be warranted only if the trial court's [questions] seriously affected the fairness, integrity, and public reputation of these judicial proceedings."[10] The questions posed by the trial judge did not do that. Rather, it is apparent from a review of the transcript that the witness' testimony concerning prior statements in which she did not identify Callaham as the shooter was, at times, confusing and unclear. The trial court's questions were posed for the purpose of clarifying her testimony and fully developing the truth of the case, and "[i]t has long been part of

---

[5] *Chumley v. State*, 282 Ga. 855, 858 (2) (655 SE2d 813) (2008).

[6] *Patel v. State*, 282 Ga. 412, 414-415 (2) (651 SE2d 55) (2007).

[7] Id. at 415 (2).

[8] *Chumley*, supra; *Patel*, supra at 414 (2).

[9] (Citations and punctuation omitted.) *Chumley*, supra.

[10] (Citations and punctuation omitted.) *Kohler v. State*, 300 Ga. App. 692, 698 (4) (686 SE2d 328) (2009).

Georgia jurisprudence that a trial judge may propound questions to any witness for the purpose of developing fully the truth of the case, and the extent of such an examination is a matter for the trial court's discretion."[11] Accordingly, the questions posed merely for the purpose of clarifying certain testimony did not violate OCGA § 17-8-57.[12]

*Judgment reversed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED AUGUST 19, 2010.

*Thomas M. Flournoy III, Robert L. Wadkins*, for appellant.

*Julia F. Slater, District Attorney, Sadhana P. Dailey, Assistant District Attorney*, for appellee.

---

[11] (Citation and punctuation omitted.) *Sauerwein v. State*, 280 Ga. 438, 439 (2) (629 SE2d 235) (2006) (finding no violation of OCGA § 17-8-57).

[12] See *Mullins v. State*, 269 Ga. 157, 158-159 (3) (496 SE2d 252) (1998) (no violation of statute where trial court questioned witnesses to develop fully the truth of the case).