**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 28, 2014**

# In the Court of Appeals of Georgia

A13A2031. WILSON v. THE STATE.                                    DO-076

DOYLE, Presiding Judge.

Arthur Lee Wilson was convicted of possession of cocaine with intent to distribute[1] and possession of marijuana.[2] He appeals the subsequent denial of his motion for new trial, arguing that the trial court erred by making improper comments regarding the credibility of a witness in violation of OCGA § 17-8-57, and by denying his motion to suppress his custodial statements. We reverse for the reasons that follow.

---

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-13-30 (j).

Viewed in favor of the verdict,[3] the record shows that on August 6, 2009, a woman flagged down Atlanta Police Department Officer Nicholas Mercado and said that a person was sleeping in a car and "[might have been] selling drugs out of the back of the vehicle." As Officer Mercado approached a Toyota Camry parked in the lot, he observed Wilson's hand resting motionless against the window in the backseat. When Officer Mercado, who was accompanied by Officer Canup, shined his flashlight in the car to make sure the occupant did not need assistance, he saw Wilson sleeping in the backseat and "a small bagg[ie] of marijuana in plain view sitting on the . . . floorboard" of the back seat near Wilson's head.

Officers Mercado and Canup identified themselves as law enforcement and knocked on the Camry window. When Wilson awoke, Officer Mercado opened the back door and asked him "what he was doing [t]here." Wilson responded that he "was just trying to make some money to feed [his] family." Officer Mercado asked Wilson what he meant, and Wilson responded that he was selling drugs. Officer Mercado instructed Wilson to exit the vehicle, and Canup placed him under arrest. While Officer Mercado searched the Camry, his flashlight reflected off of a mirror that was partially under the driver's seat. Officer Mercado examined the mirror and observed

[3] See *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

more than five crack cocaine rocks on the mirror. Officer Mercado also found two hundred dollars in various denominations, including ones and fives, and plastic baggies in the Camry.

Wilson filed a motion to suppress his statements to the officers, and the trial court denied the motion. At the conclusion of the trial, the jury found Wilson guilty of possession of marijuana and possession of cocaine with intent to distribute. Wilson subsequently filed a motion for new trial, and the trial court denied the motion. This appeal followed.

1. Wilson argues that the trial court made an improper comment on the evidence in violation of OCGA § 17-8-57. We agree.

During closing argument, defense counsel argued, "It's not okay for police officers to lie. It's not okay for them to overlook things[,] and it's not okay for them to get the details wrong. Their job is to investigate. When they don't, it's not okay. It's not okay for them to cover things up. It's not okay for them to – ."[4] The trial court

---

[4] During cross-examination of Officer Mercado, defense counsel elicited testimony from him regarding conflicts in his written report and his trial testimony regarding the amount of crack cocaine he found in the vehicle in which Wilson was sleeping. Defense counsel also elicited testimony from the officer that although he learned at the scene that the vehicle belonged to another person, he failed to verify the information or to inventory the vehicle. Officer Mercado also testified that he did not attempt to fingerprint the mirror found in the vehicle, nor did he take any video

3

interjected, "Ma'am, I've cautioned you. Ladies and gentlemen, you are to disregard the comments from this attorney about any witness lying or covering up." The trial court then instructed defense counsel that she would "be told to sit down if [she did] that again."

OCGA § 17-8-57 provides: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." "To constitute an improper comment under OCGA § 17-8-57, the trial court's statement must express an opinion about whether the evidence has proven a material issue in the case, whether a witness was credible, or whether the defendant was guilty."[5] "Even if defense counsel fails to raise an objection, if the trial court violates this statutory

---

or photographs of the evidence in the vehicle. Further, Officer Mercado testified on cross-examination that he estimated the weight of the crack cocaine to be approximately 6.5 grams; the GBI subsequently determined the weight of the crack to be 1.64 grams.

[5] (Punctuation omitted.) *Anthony v. State*, 282 Ga. App. 457, 458 (1) (638 SE2d 877) (2006).

provision, we are required to order a new trial, and there can be no finding of harmless error."[6]

> The purpose of this statute, at least in part, is to prevent the jury from being influenced by any disclosure of the judge's opinion regarding a witness's credibility. The credibility of a witness is a material fact in every case, and any questions of credibility are for the jury to decide. Therefore, anything which tends to uphold, to support, to disparage, or to lower the character and the resulting credibility of the witness is vitally connected with the facts of the case.[7]

Here, the trial court's admonition to defense counsel and instructions to the jury to disregard defense counsel's challenge to Officer Mercado's credibility "clearly intimated the court's opinion that [Officer Mercado's] testimony was believable. . . ."[8]

> [J]urors, like other human beings, are unconsciously too much affected by strong mental impressions for these impressions to be nicely segregated from the mass of evidence. The jury could have interpreted the trial court's [admonitions and instructions] as expressing a favorable

---

[6] (Punctuation omitted.) *Booker v. State*, 322 Ga. App. 257, 259 (1) (744 SE2d 429) (2013).

[7] (Footnotes and punctuation omitted.) *Callaham v. State*, 305 Ga. App. 626, 627 (1) (700 SE2d 624) (2010).

[8] Id. at 628 (1).

5

opinion on [Officer Mercado's] abilities and thus bolstering that witness's credibility. . . . It is impossible to say that, after hearing the trial court's statements, the jurors were not influenced to some extent. Therefore, the trial court erred in making statements that could have been interpreted as offering an opinion on [Officer Mercado's] credibility.[9]

"Moreover, the trial court's purported curative instruction did not eradicate its inappropriate comments. The law is well-established that instructions given to the jury by the trial court cannot cure a violation of OCGA § 17-8-57."[10]

As the Supreme Court of Georgia has explained,

the trial court's compliance with the statutory language of OCGA § 17-8-57 is mandatory[,] and . . . a violation of its mandate requires a new trial. In light of the mandatory nature of the statute and the case law interpreting the statute, we must reverse [Wilson's] conviction[s] and remand the case to the trial court for a new trial.[11]

---

[9] (Citation and punctuation omitted.) *Murphy v. State*, 290 Ga. 459, 461 (2) (722 SE2d 51) (2012).

[10] *Callaham*, 305 Ga. App. at 628 (1).

[11] (Citation and punctuation omitted.) *Chumley v. State*, 282 Ga. 855, 858 (2) (655 SE2d 813) (2008).

6

2. Wilson also contends that the trial court erred by denying his motion to suppress his statements to the officers, arguing that he was in custody when Officer Mercado questioned him without giving the warnings required by *Miranda v. Arizona*.[12]

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[13]

"The Fifth Amendment requires the exclusion of any statement made by an accused during custodial interrogation, unless he has been advised of his rights and has voluntarily waived those rights."[14]

---

[12] 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

[13] (Punctuation omitted.) *Brown v. State*, 293 Ga. 787, 808 (3) (b) (2) (750 SE2d 148) (2013), quoting *Miller v. State*, 288 Ga. 286 (702 SE2d 888) (2010).

[14] *Jones v. State*, 258 Ga. App. 229, 230 (573 SE2d 470) (2002), citing *Franks v. State*, 268 Ga. 238, 239 (486 SE2d 594) (1997).

A person is in custody for *Miranda* purposes if he has been formally arrested or restrained to the degree associated with a formal arrest. The test for determining whether a detainee is in custody for *Miranda* purposes is whether a reasonable person in the detainee's position would have thought the detention would not be temporary. The subjective views of the detainee and the officer are not dispositive to the determination. . . . The issue of whether one is in custody for *Miranda* purposes is a mixed question of law and fact, and the trial court's determination will not be disturbed unless it is clearly erroneous.[15]

Here, Wilson's statements to the officers "were not subject to suppression because they were not the product of an interrogation or its functional equivalent. . . . [Officer Mercado's] inquiry . . . as to 'what was going on' . . . [did not amount] to a 'custodial interrogation' requiring the administration of *Miranda* warnings."[16] Thus, the trial court's determination that Wilson was not in custody until after he made his statements to the officers and placed under arrest was not clearly erroneous, and the trial court did not err by denying his motion to suppress.

*Judgment reversed. McFadden and Boggs, JJ., concur.*

---

[15] (Citations and punctuation omitted.) *Waters v. State*, 306 Ga. App. 114, 116 (1) (701 SE2d 550) (2010).

[16] (Footnote omitted). *Jones*, 258 Ga. App. at 230, citing *Metts v. State*, 270 Ga. 481, 483-484 (3) (511 SE2d 508) (1999).