**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 19, 2018

# In the Court of Appeals of Georgia

A18A0182. KING v. THE STATE.

DILLARD, Chief Judge.

Following trial, a jury convicted Demarc King on one count of aggravated child molestation and one count of sexual battery as a lesser-included offense of child molestation. King now appeals his convictions and the denial of his motion for new trial, arguing that the trial court erred in admitting evidence of a prior conviction, improperly commenting on the evidence, in violation of OCGA § 17-8-57, while limiting the scope of his closing argument, and stating that a child cannot consent to sexual conduct in its instruction to the jury regarding the offense of sexual battery. For the reasons set forth *infra*, we hold that the trial court erred in admitting evidence of King's prior conviction. Accordingly, we reverse his convictions and remand the case for a new trial.

Viewed in the light most favorable to the jury's verdict,[1] the evidence shows that in March 2011, King, his wife, their six-year-old daughter, M. K., and their four-year-old daughter, K. K., moved from Illinois to live with King's sister and her twelve-year-old daughter, A. K., in Lithonia, Georgia. On July 1, 2011, King's wife returned home from work and saw that King was in their bedroom with A. K., watching funny videos on a laptop computer. Thinking nothing of it, she went to the bathroom and began taking a shower. Once his wife was in the shower, King tried to pull down A. K.'s pants and touch her vagina. A. K. immediately moved away, but King tried again to pull down her pants and touch her. At that point, A. K. yelled at King to stop and fled to her mother's bedroom, despite knowing that her mother was at work. King followed her and threatened to get her in trouble if she told anyone. Nevertheless, as soon as her aunt (King's wife) finished her shower, A. K., visibly upset and crying, told her about King's actions.

Following A. K.'s outcry, King's wife confronted him. And although King denied doing anything inappropriate, his wife was not persuaded. Consequently, she

---

[1] *See, e.g.*, *Powell v. State*, 310 Ga. App. 144, 144 (712 SE2d 139) (2011) ("When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence." (punctuation omitted)).

took her niece and two daughters and left the house to go to the home of another relative. During that drive, King's wife asked all three girls if anyone had ever tried to hurt them. M. K. responded that she would get in trouble if she answered. But after her mother assured her that she would not get in trouble, M. K. responded that her father, King, put his penis in her mouth on several separate occasions and warned her not to tell anyone about it. Shortly after M. K.'s disclosure, King's wife informed his sister about A. K. and M. K.'s revelations. King's sister then reported her brother's actions to the police. And a few months later, after both A. K. and M. K. recounted King's actions to child-advocacy workers during forensic interviews, the police arrested him.

Subsequently, the State charged King, via indictment, with one count of aggravated child molestation, based on the allegation that he placed his penis in M. K.'s mouth, and one count of child molestation, based on the allegation that he touched A. K.'s vagina. Approximately a month before trial, the State filed a notice of its intent to present evidence of King's prior bad act, ostensibly under OCGA §§ 24-4-404 (b), 24-4-413, and 24-4-414. Specifically, the State sought to admit evidence that King pleaded guilty in an Illinois court to the crime of aggravated criminal sexual abuse. King filed a response, and in a hearing held just prior to jury

3

selection, the trial court ruled that the evidence of King's prior conviction was admissible.

The case then proceeded to trial, during which the aforementioned evidence was presented. In addition, King presented evidence that a few years before the subject incident, A. K. accused her father of inappropriately touching her but the police eventually closed the investigation due to lack of evidence. Nevertheless, at the trial's conclusion, the jury found King guilty of the aggravated-child-molestation charge and of sexual battery as a lesser-included offense of the child-molestation charge. Thereafter, King obtained new counsel and filed a motion for new trial, which the trial court denied. This appeal follows.[2]

1. King contends that the trial court erred in admitting evidence of his prior Illinois conviction under OCGA §§ 24-4-413 and 24-4-414. Specifically, he argues that the trial court erred by failing to conduct the balancing test set forth in OCGA §

---

[2] Although King has not challenged the sufficiency of the evidence, we have reviewed the record and find the evidence sufficient to enable a jury to conclude beyond a reasonable doubt that King was guilty of the crimes of which he was convicted. *See West v. State*, 339 Ga. App. 279, 281 (1) (793 SE2d 180) (2016) (holding that child victim's testimony alone was sufficient to authorize a guilty verdict on sexual-battery charge); *Hill v. State*, 331 Ga. App. 280, 283 (1) (b) (769 SE2d 179) (2015) (holding that victim's testimony alone was sufficient to support defendant's conviction for aggravated child molestation); *see generally Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

4

24-4-403 and by ultimately admitting evidence of allegations that the State failed to prove constituted a crime under Georgia law. We agree the State failed to prove that the allegations for which King was convicted in Illinois constituted an offense under OCGA §§ 24-4-413 or 24-4-414 in Georgia, and thus, the trial court erred in admitting the prior conviction.

As an initial matter, we note—and both the State and King acknowledge—that because this case was tried after January 1, 2013, our new Evidence Code applies.[3] Turning to the statutes at issue, OCGA § 24-4-413 (a) provides: "In a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant." Similarly, OCGA § 24-4-414 (a) provides: "In a criminal proceeding in which the accused is accused of an offense of child molestation, evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." Thus, OCGA §§ 24-4-413 ("Rule 413") and 24-4-414 ("Rule 414") "are the more specific statutes that

_____

[3] *See* Ga. L. 2011, pp. 99, 214, § 101 (providing that Georgia's new Evidence Code applies "to any motion made or hearing or trial commenced on or after" January 1, 2013).

supersede the provisions of Rule 404 (b) in sexual assault and child molestation cases."[4] Importantly, Rules 413 and 414 create "a rule of inclusion, with a strong presumption in favor of admissibility, and the State can seek to admit evidence under these provisions for any relevant purpose, including propensity."[5] And a trial court's decision to admit other acts evidence "will be overturned only [when] there is a clear abuse of discretion."[6]

In this matter, as previously mentioned, the State filed notice of its intent to present evidence that King pleaded guilty in an Illinois court to the crime of

---

[4] *Robinson v. State*, 342 Ga. App. 624, 633-34 (4) (a) (805 SE2d 103) (2017) (punctuation omitted); *see Dixon v. State*, 341 Ga. App. 255, 258 (1) (800 SE2d 11) (2017) (noting that Rule 413 and Rule 414 "supersede the provisions of OCGA § 24-4-404 (b) in sexual assault and child molestation cases").

[5] *Robinson*, 342 Ga. App. at 634 (4) (a) (punctuation omitted); *see Dixon*, 341 Ga. App. at 258 (1) (acknowledging that Rules 413 and 414 "create a 'rule of inclusion, with a strong presumption in favor of admissibility as each provides that such evidence 'shall be admissible'" (punctuation omitted)); *see also State v. Frost*, 297 Ga. 296, 300-01 (773 SE2d 700) (2015) (holding that OCGA § 24-4-417, applying to DUI cases is a "rule of inclusion," with a stronger presumption of admissibility than OCGA § 24-4-404 (b) as it provides that such evidence "shall be admissible"); Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence 214 (5th ed. 2016) (noting that Federal Rules of Evidence 413 and 414, which OCGA §§ 24-4-413 and 24-4-414 closely track, "create presumptions in favor of admission of the defendant's other sexual offenses in sex crimes prosecutions").

[6] *Robinson*, 342 Ga. App. at 634 (4) (a) (punctuation omitted); *accord Steele v. State*, 337 Ga. App. 562, 565-66 (3) (788 SE2d 145) (2016).

aggravated criminal sexual abuse, under former Illinois statute,[7] 720 ILCS 5/12-16 (d), which provides: "A person commits aggravated criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim." Then, at the pretrial hearing on the issue, the State provided the trial court with what it alleged was the factual background to King's guilty plea. Specifically, the State claimed that in 2006, a 15-year-old friend of King's wife dropped off some food at his apartment, and while she was there, King pushed her onto a bed and forced her to have sexual intercourse. Subsequently, the victim reported the incident to the police, and King ultimately pleaded guilty to aggravated sexual abuse. And based on these facts, the State argued that King's guilty plea and conviction were presumptively admissible under Rules 413 and 414.

In response, King's trial counsel asserted that Rule 413 applied to different offenses than Rule 414, and he thus argued that because King was currently facing child-molestation charges, the Illinois conviction, which was more analogous to a sexual-assault offense, was not sufficiently similar. Counsel then further argued that

---

[7] In 2011, this statute was renumbered as 720 ILCS 5/11-1.60 (d). *See* P.A. 96-1551, Art. 2, § 5 (effective July 1, 2011).

the trial court should apply a balancing test and exclude it from evidence. In further support of this contention, King's trial counsel disputed the State's claim that the Illinois victim was 15 years old and asserted that she was 16 years old, which in Georgia is the age of majority. Continuing, trial counsel argued that if the incident had occurred in Georgia "it would not have been any type of child case" because "[s]he would have been the age of majority." But the trial court was not persuaded. And explaining why it did not agree that the prior conviction and the charged offenses were not similar, it noted:

> I will not accept that distinction. Sexual assault is sexual assault. Whether it is called child molestation, or rape, or aggravated sodomy, it is a sexual offense. I would believe that as far as your motion for similar transactions, it is admissible under both provisions. Balancing out, it is clearly similar in nature as the case that we have before the Court, and presumptively, it should be admitted under the second provision. So your motion to prevent that similar transaction evidence not to be presented is denied.

Later, during the same pretrial hearing, the trial court asked the State how it intended to present the evidence of prior bad acts, and the State replied that it expected the victim and the lead detective in the Illinois case to testify. But just before the State rested, it informed the Court that it would present this evidence solely by introducing

8

and publishing a certified copy of King's indictment and conviction. King again objected, but the trial court denied it, and the evidence was admitted via these documents.

As noted *supra*, King argues that the trial court erred by admitting his prior conviction without conducting the balancing test set forth in OCGA § 24-4-403 and by admitting evidence of allegations that the State failed to prove constituted a crime under Georgia law.[8] King is correct that evidence admissible under OCGA § 24-4-414 (a) may be excluded under Rule 403 if "the trial court concludes that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."[9] But pretermitting whether the trial court conducted

---

[8] In its appellate brief, the State argues that King failed to object after the trial court ruled that his prior conviction was admissible and, therefore, the court's ruling is subject only to review for plain error. *See Gates v. State*, 298 Ga. 324, 326 (781 SE2d 772) (2016) (explaining that, under the new Evidence Code, evidentiary rulings are subject to plain-error review when a defendant did not object to such rulings at trial). But the trial court ruled definitively at the pretrial hearing that the prior conviction would be admissible, and "[o]nce the court makes a definitive ruling on the record admitting or excluding any evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve such claim of error for appeal." *Anthony v. State*, 298 Ga. 827, 831-832 (4) (785 SE2d 277) (2016) (punctuation omitted); *see* OCGA § 24-1-103 (a).

[9] *Jackson v. State*, 342 Ga. App. 689, 692 (805 SE2d 457) (2017) (punctuation omitted); *see State v. McPherson*, 341 Ga. App. 871, 874 (800 SE2d 389) (2017) (holding that evidence admissible under Rules 413 and 414 may be excluded if the

9

such a balancing test here, we agree that King's prior conviction was erroneously admitted because the State failed to prove the allegations supporting that conviction constituted an offense under OCGA §§ 24-4-413 or 24-4-414.

In defining what constitutes an offense under OCGA § 24-4-413 (a), OCGA § 24-4-413 (d) provides:

As used in this Code section, the term "offense of sexual assault" means any conduct or attempt or conspiracy to engage in:

(1) Conduct that would be a violation of Code Section 16-6-1 [rape], 16-6-2 [aggravated sodomy], 16-6-3 [statutory rape], 16-6-5.1 [sexual assault], 16-6-22 [incest], 16-6-22.1 [sexual battery], or 16-6-22.2 [aggravated sexual battery];

(2) Any crime that involves contact, without consent, between any part of the accused's body or an object and the genitals or anus of another person;

---

trial court concludes its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury); *see also* OCGA § 24-4-403 ("Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

(3) Any crime that involves contact, without consent, between the genitals or anus of the accused and any part of another person's body; or

(4) Any crime that involves deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person.

And other than the offenses of statutory rape and incest, the commonality of the offenses defined by this subsection is lack of consent.

Similarly, defining what constitutes an offense under OCGA § 24-4-414 (a), OCGA § 24-4-414 (d) provides:

As used in this Code section, the term "offense of child molestation" means any conduct or attempt or conspiracy to engage in:

(1) Conduct that would be a violation of Code Section 16-6-4 [child molestation], 16-6-5 [enticing a child], 16-12-100 [sexual exploitation of children], 16-12-100.2 [computer child pornography], or 16-12-100.3 [obscene telephone contact with a child];

(2) Any crime that involves contact between any part of the accused's body or an object and the genitals or anus of a child;

(3) Any crime that involves contact between the genitals or anus of the accused and any part of the body of a child; or

11

(4) Any crime that involves deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on a child.

The obvious commonality linking the offenses defined in this subsection is that the victim is a child, *i.e.*, without the ability to consent.

In this matter, as discussed *supra*, the State presented evidence that King pleaded guilty to aggravated criminal sexual abuse under former Illinois statute, 720 ILCS 5/12-16 (d), which provides: "A person commits aggravated criminal sexual abuse if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim." But rather than presenting any testimony to establish the factual basis for King's guilty plea, the State *only* introduced the indictment, which charged the offense of aggravated criminal sexual abuse by alleging that King "committed an act of sexual penetration with [the victim], who was at least 13 years of age but under 17 years of age, said act involving the penis of the defendant and the vagina of [the victim], and defendant Demarc King was at least 5 years older than [the victim]." Importantly, the State presented no evidence during trial as to the specific age of the Illinois victim, providing instead only the alleged age

12

range via the indictment. This failure is problematic because while in Illinois engaging in the act, *as alleged in the indictment*, with a 16-year-old victim is a crime, it is not a crime in Georgia. Indeed, the age of consent in Georgia is 16.[10] Consequently, generally speaking, it is not a crime in Georgia to "have physical sexual contact with a willing participant who is 16 years of age or older."[11] And no language in the count of the Illinois indictment to which King pleaded guilty alleges lack of consent by the victim. Thus, the State failed to show that the Illinois victim was a minor under Georgia law *or* that King engaged in sexual intercourse with her without her consent. As a result, the State failed to prove that King's prior conviction constituted evidence of his "commission of another *offense*"[12] under the plain meaning of either OCGA §§ 24-4-413 or 24-4-414.[13]

---

[10] *See Chase v. State*, 285 Ga. 693, 696 (2) (681 SE2d 116) (2009); *accord Disabato v. State*, 303 Ga. App. 68, 70 (1) (692 SE2d 701) (2010).

[11] *Chase*, 285 Ga. at 696 (2).

[12] *See* OCGA §§ 24-4-413 (a), 24-4-414 (a) (emphasis supplied).

[13] *See United States v. McGarity*, 669 F3d 1218, 1244 (V) (B) (11th Cir. 2012) (holding that admission of evidence under FRE 414 requires that the accused be charged with an offense of child molestation and that the other act also be defined as an offense of child molestation); *United States v. Rogers*, 587 F3d 816, 819-20 (II) (7th Cir. 2009) (noting that two criteria must be satisfied to apply FRE 413: first, the defendant must be accused of an offense of sexual assault, and second, the prior act

13

Furthermore, although the State's notice of its intent to present evidence of other bad acts referenced OCGA § 24-4-404 (b), in addition to §§ 24-4-413 and 24-4-414, ultimately, the State did not seek to admit King's prior conviction under Rule 404 (b), which provides that

> "[e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[14]

And the Supreme Court of Georgia has held that in order for evidence to be admissible under this Code section,

> the State must make a showing that: (1) evidence of extrinsic, or other, acts is relevant to an issue other than a defendant's character; (2) the

---

must be an offense of sexual assault); *United States v. Blue Bird*, 372 F3d 989, 992 (II) (8th Cir. 2004) (explaining that in order for evidence of bad conduct to be admissible under FRE 413, such evidence must fit into one of the offenses listed in that rule), *overruled in part on other grounds by United States v. Pirani*, 406 F3d 545, 555 (III) (8th Cir. 2005). As Georgia's new evidence rules mirror their federal counterparts, our appellate courts "look for guidance to the decisions of the federal appellate courts, particularly the United States Supreme Court and the Eleventh Circuit, interpreting the federal rules in question." *Davis v. State*, 299 Ga. 180, 185 (2) (a) (787 SE2d 221) (2016).

[14] *See* OCGA § 24-4-404 (b).

probative value of the other acts evidence is not substantially outweighed by its unfair prejudice, i.e., the evidence must satisfy the requirements of Rule 403; and (3) there is sufficient proof so that the jury could find that the defendant committed the act in question.[15]

But here, during the pretrial hearing, rather than showing that the evidence was admissible for purposes other than proving King's character, the State argued solely that King's Illinois conviction was presumably admissible under OCGA §§ 24-4-413 and 24-4-414. Indeed, the trial court agreed that King's prior conviction was "presumptively" admissible under those two provisions. Thus, we decline to consider whether King's prior conviction would have been admissible under Rule 404 (b).[16]

---

[15] *State v. Jones*, 297 Ga. 156, 158-59 (1) (773 SE2d 170) (2015) (citation omitted); *accord Olds v. State*, 299 Ga. 65, 69-70 (2) (786 SE2d 633) (2016); *Green v. State*, 339 Ga. App. 263, 265 (1) (793 SE2d 156) (2016).

[16] *See Thompson v. State*, 302 Ga. 533, 541-42 (III) (A) (807 SE2d 899) (2017) (declining to consider whether prior bad acts evidence was admissible to show intent under Rule 404 (b) when trial court did not specifically consider that issue below). Despite the fact that we need not consider whether King's prior conviction was potentially admissible under Rule 404 (b), we are certainly aware of our case authority, as cited in note 4, *supra*, holding that because Rules 413 and 414 are the more specific statutes regarding admission of prior acts of sexual assault and child molestation, they supersede the provisions of OCGA § 24-4-404 (b) in such cases with regard to the admission of propensity evidence. *See Dixon*, 341 Ga. App. at 258 (1) (noting that Rules 413 and 414 supersede Rule 404 (b) in sexual assault and child molestation cases); *Dority v. State*, 335 Ga. App. 83, 95 (holding that Rule 414 "is the more specific statute regarding admission of prior acts of child molestation and is

15

Needless to say, this does not end our inquiry. Having now determined that, under these specific circumstances, the trial court erred in admitting evidence of King's prior Illinois conviction, "in order to serve as a basis for reversing [King's] convictions, the trial court's evidentiary error must have affected his substantial rights, *i.e.*, it was not harmless."[17] In Georgia,

> the standard for weighing nonconstitutional error in criminal cases is known as the "highly probable test," i.e., that it is highly probable that the error did not contribute to the judgment. Under that test, a reversal is not required if the evidence of guilt is overwhelming in that there is no reasonable probability that the verdict would have been different in the absence of this error.[18]

---

therefore controlling over [Rule 404 (b)]"); *see also United States v. Brimm*, 608 Fed. Appx. 795, 798 (I) (B) (11th Cir. 2015) ("[FRCP] Rules 413 and 414 permit the introduction of propensity evidence and thus contain exceptions to Rule 404 (b)'s general ban on propensity evidence in "sexual assault" and "child molestation" cases.") (citations omitted).

[17] *Gaskin v. State*, 334 Ga. App. 758, 763 (1) (b) (780 SE2d 426) (2015); *see* OCGA § 24-1-103 (a) ("Error shall not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.").

[18] *Gaskin*, 334 Ga. App. at 763-64 (1) (b) (punctuation omitted); *see Jones v. State*, 301 Ga. 544, 551 (3) (802 SE2d 234) (2017) ("The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict." (punctuation omitted)).

16

And here, the State's evidence at trial consisted of testimony from the two victims that King sexually abused and of those persons to whom they recounted their allegations of sexual abuse. There was no physical evidence presented by the State to support the charges. Additionally, when confronted by his wife, King denied the allegations, and he presented evidence at trial that A. K. previously alleged that her father inappropriately touched her but that the police suspended their investigation due to insufficient evidence. Given these particular circumstances, although the evidence was certainly sufficient to support King's convictions,[19] we cannot say it was overwhelming or, importantly, that King's prior conviction definitively did not enter into the jury's evaluation of the case. Consequently, we cannot say that it is highly probable this improperly admitted evidence did not contribute to the jury's

---

[19] *See supra* note 2.

verdict.[20] Accordingly, we reverse the trial court's denial of King's motion for new trial.

2. King also contends that the trial court erred by improperly commenting on the evidence, in violation of OCGA § 17-8-57, while limiting the scope of his closing argument. Although we believe it is speculative at best as to whether this issue will reoccur in King's new trial, we will nonetheless briefly address it.

OCGA § 17-8-57 (a) (1) provides that "[i]t is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused." And in this matter, during closing arguments, King's trial counsel discussed the circumstances surrounding A. K.'s earlier allegation that her father had touched her

---

[20] *See Gaskin*, 334 Ga. App. at 764-65 (1) (b) (holding that trial court's erroneous admission of evidence of defendant's prior arrests was not harmless in prosecution for child molestation in light of the fact that jury was presented with conflicting witness testimony and there was no medical evidence to support charges); *see also Brooks v. State*, 298 Ga. 722, 727-28 (2) (783 SE2d 895) (2016) (holding that because evidence against defendant in murder prosecution was sufficient but not overwhelming, erroneous admission of prior murder under Rule 404 (b) was extremely prejudicial and precluded conclusion that it was highly probable its admission did not contribute to the verdict); *Amey v. State*, 331 Ga. App. 244, 253 (1) (d) (770 SE2d 321) (2015) (holding that error in admitting evidence of prior attempted robbery, under Rule 404 (b), in defendant's trial for armed robbery was not harmless because other crime evidence was inherently prejudicial, and the evidence against defendant was not overwhelming).

18

inappropriately, and within that context, he argued that A. K.'s half-sister had taught her how to lie. Upon counsel's third assertion of this argument, the State objected, positing that there was no factual basis for such an argument. When King's trial counsel responded that his argument was a reasonable conclusion drawn from the evidence, the trial court asserted, "I can't buy it. There is no evidence of it, so — I sustain the objection."

On appeal, King contends that the trial court's statement amounted to an improper comment on A. K.'s credibility. The State counters, *inter alia*, that the trial court was properly explaining its reasoning for sustaining the State's objection.[21] Based upon our review of the record, it is not entirely clear what it is exactly that the trial court "can't buy." But it is certainly not implausible to read the comment and subsequent sustaining of the State's objection as "[intimating] the court's opinion that

---

[21] *See Pyatt v. State*, 298 Ga. 742, 748 (3) (784 SE2d 759) (2016) ("[W]e have previously determined that remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." (punctuation omitted)).

[A. K.'s] testimony was believable."[22] Accordingly, we caution the trial court against any future use of similar language.

3. King further contends that the trial court erred in charging that a child cannot consent to sexual conduct in its instruction to the jury regarding the offense of sexual battery. And because it is possible that at retrial the trial court will again instruct the jury on sexual battery, we will briefly address this issue as well.

OCGA § 16-6-22.1 (b) provides: "A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." And our Supreme Court has held that although a trial court's jury instruction that an underage victim is not legally capable of consenting to "sexual conduct" was on its face an accurate statement of the law, such statement did not belong in a jury instruction regarding sexual battery because sexual battery as defined in our Code does not necessarily

---

[22] *Wilson v. State*, 325 Ga. App. 859, 861 (1) (755 SE2d 253) (2014) (punctuation omitted); *see Callaham v. State*, 305 Ga. App. 626, 627-28 (700 SE2d 624) (2010) (holding that trial court's question and comment to defendant concerning why victim's neighbor, who was not related to anyone in the case, would testify that defendant was the shooter violated OCGA § 17-8-57 because it intimated court's opinion that testimony was believable).

involve sexual conduct.[23] The Court therefore concluded, "[i]nsofar as the jury instruction suggested that an underage victim is not capable of consenting to the contact constituting sexual battery, the instruction was misleading and thus erroneous."[24] Furthermore, because such instruction "effectively relieved the State of its burden to prove an essential element of the crime of sexual battery, the instruction cannot be said to have been harmless."[25]

Here, in its initial charge to the jury, the trial court instructed the jury on the sexual battery as follows:

> A lesser included offense of child molestation, that is Count Two of the Indictment, a person commits the sexual battery when a person intentionally makes physical contact with the primary genital area of another person, of a female, without the consent of the other person.

> A child under the age of 16 is unable to consent to illegal, illicit intercourse, and the law conclusively presumes intercourse is against her will, although that is not being alleged in this case.

---

[23] *Watson v. State*, 297 Ga. 718, 720-21 (2) (777 SE2d 677) (2015); *accord Duncan v. State*, 342 Ga. App. 530, 540-41 (6) (804 SE2d 156) (2017).

[24] *Watson*, 297 Ga. at 721 (2).

[25] *Id.*

But shortly after the jury began its deliberations, it requested that the trial court provide the charge as to molestation again. The court did so and then also recharged as to sexual battery, stating:

> Now, sexual battery, which is only to be considered as to Count Two. A person commits — as a lesser included offense of Count Two. A person commits sexual battery when that person intentionally makes physical contact with the primary genital area, anus, groin, inner thigh, or buttock of another person, of a female, without — in this case of a female, without the consent of the other person.

The next day, while the jury continued its deliberations, it requested that the trial court provide written instructions on the offenses of child molestation and sexual battery. The court denied this request but orally charged the jury again on these offenses, and, similar to the second time it did so, it made no reference to an underage victim's inability to consent.

King argues that the trial court's jury instruction as to sexual battery erroneously suggested that an underage victim is not capable of consenting to the contact constituting sexual battery. But although the trial court in its initial charge did state that an underage person could not consent to sexual intercourse, it added that such was not being alleged in King's case. Subsequently, the court twice reinstructed the

22

jury that sexual battery required the State to prove lack of consent and made no mention of an underage victim's inability to consent to sexual conduct. Given these particular circumstances, the trial court's instructions, when considered as a whole,[26] properly instructed the jury on the law.[27] Nonetheless, on retrial, the better practice would be for the trial court to avoid altogether—as it did in its second and third time instructing the jury on this issue—noting a minor's inability to consent to sexual conduct in the context of a sexual-battery charge.

For all these reasons, we reverse King's convictions and remand this case for retrial in a manner consistent with this opinion.

*Judgment reversed. Doyle, P. J., and Mercier, J., concur*.

---

[26] *See Daniels v. State*, 302 Ga. 90, 105 (7) (805 SE2d 80) (2017) (noting that "jury instructions are read and considered as a whole in determining whether there is error" (punctuation omitted)); *Johnson v. State*, 341 Ga. App. 425, 431 (2) (801 SE2d 294) (2017) ("Jury instructions must be read and considered as a whole in determining whether the charges contained error." (punctuation omitted)).

[27] *See State v. Crist*, 341 Ga. App. 411, 416-17 (801 SE2d 545) (2017) (holding a trial court's jury instruction that omitted lack of consent element as to sexual battery was not plain error in light of the fact the trial court read the indictment, which included all the elements of sexual battery, and provided the jury with written instructions, which did so as well).